# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 20, 2024

| | |
|---|---|
| * * * * * * * * * * * * * | |
| JOANNE DAMON, | * |
| *personal representative of* | * |
| ESTATE OF LEO DAMON, JR., | * |
| | * |
| Petitioner, | * No. 19-1510V |
| | * Special Master Oler |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*Jessica Anne Olins,* Maglio Christopher & Toale, Seattle, WA, for Petitioner.
*Mary Holmes,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 30, 2019, Leo Damon, Jr. (then Petitioner) filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. at 1, ECF No. 1. Petitioner alleges he suffered from neuromyelitis optica spectrum disorder ("NMO") as a result of the influenza ("flu"), tetanus, diphtheria, and acellular pertussis ("Tdap"), and pneumococcal ("Prevnar") vaccinations he received on January 19, 2017. *Id.* at 3-5. On April 4,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on that same day. (ECF No. 65).

On June 27, 2023, Joanne Damon, personal representative of the Estate of Leo Damon, Jr. (Petitioner), filed an application for final attorneys' fees and costs. ("Fees App."). (ECF No. 71). Petitioner requests total attorneys' fees and costs in the amount of $102,491.84, representing $70,372.30 in attorneys' fees and $32,119.54 in attorneys' costs. Fees App. at 1. Petitioner also filed a memorandum in support of her requested expert rates. (ECF No. 70). Pursuant to General Order No. 9, Petitioner has indicated that she incurred personal costs in this case in the amount of $76.95. Ex. 51 at 1. Respondent responded to the motion on July 11, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. (ECF No. 72). On February 20, 2024, Petitioner filed supplemental authority to substantiate her requested expert rates (ECF No. 73), to which Respondent responded on March 4, 2024 (ECF No. 74).

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

A. **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for their attorneys at mctlaw: for Ms. Jessica Olins: $184.00 per hour for work performed in 2018, $199.00 per hour for work performed

in 2019, $225.00 per hour for work performed in 2020, $266.00 per hour for work performed in 2021, $290.00 per hour for work performed in 2022, and $320.00 per hour for work performed in 2023; for Mr. Altom Maglio: $381.00 per hour for work performed in 2018; for Ms. Amber Wilson: $323.00 per hour for work performed in 2019; for Ms. Danielle Strait: $322.00 per hour for work performed in 2018, and $395.00 per hour for work performed in 2021; and, for Ms. Diana Stadelnikas: $396.00 per hour for work performed in 2018, and $490.00 per hour for work performed in 2022. Ex. 16 at 45. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

The undersigned shall also award the requested paralegal time at the provided rates,[3] but there is a discrepancy in a paralegal rate for Lindsay Wilkinson. Ms. Wilkinson had a rate of $165.00 per hour for 2021, but only $160.00 per hour for 2022. Ex. 49 at 45. The undersigned will, however, continue to award her $165.00 for the following year—a positive difference of $26.00.[4]

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $70,398.30.

### C. Attorneys' Costs

---

[3] The rates for the 12 paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule.

[4] Ms. Wilkinson worked 5.2 hours at her previous rate of $160.00 which equaled $832.00. Now, with a rate of $165.00 for 5.2 hours of work, Ms. Wilkinson's hours total $858.00. This is a difference of $26.00.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,121.49 in attorneys' costs. This amount is comprised of acquiring medical records, postage, travel expenses, the expert's retainer, and the Court's filing fee. This amount also includes an expert report provided by Neuro-Ophthalmologist and physician scientist, Dr. Joseph F. Rizzo, for 43.43 hours, at a rate of $700.00 per hour for a total of $28,401.00 (less the $2,000.00 retainer). Petitioner submitted documentation justifying Dr. Rizzo's rate and his credentials. His rate has been awarded in the Program previously. *See Zale v. Sec'y of Health & Human Servs.*, No. 20-613V, 2024 WL 1406008, at *2 (Fed. Cl. Spec. Mstr. Mar. 8, 2024). Petitioner has provided adequate documentation supporting all requested costs, and Respondent also has not identified any specific costs as objectionable. As it relates to Dr. Rizzo's rate, Respondent also did not note any specific objection to the requested rate, and only requested that the Court "continue to make case-by-case determinations about a reasonable hourly rate, based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program." (ECF No. 74 at 2). Thus, based on the complex medical issues involved, the work that was performed, and Dr. Rizzo's specific qualifications, the undersigned finds these costs to be reasonable and shall fully reimburse them.

### D. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred costs totaling $76.96 related to the instant case. This amount is comprised of the costs of establishing the estate and postage. These costs are reasonable and shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $70,372.30 |
|---|---|
| [Adjustment to Fees] | [$26.00] |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$70,398.30** |
| | |
| Attorneys' Costs Requested | $32,119.54 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$32,119.54** |
| | |
| **Total Attorneys' Fees and Costs** | **$102,517.84** |
| | |
| **Petitioner's Costs** | **$76.95** |
| | |
| **Total Amount Awarded** | **$102,594.79** |

4

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $102,517.84 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, mctlaw, and requests the check be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236; and**

2) **a lump sum in the amount of $76.95, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner and forwarded to the mctlaw, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

    **s/ Katherine E. Oler**
    Katherine E. Oler
    Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).